UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05-CV-172-H

BENCH BILLBOARD CO., INC.                                                                                          PLAINTIFF

V.

LOUISVILLE-JEFFERSON COUNTY                                                                                DEFENDANT
METRO-GOVERNMENT

**MEMORANDUM OPINION**

Plaintiff Bench Billboard Co., Inc. ("BBC") has sued the Louisville-Jefferson County Metro-Government ("Metro Government") following the denial of its permit application to place two concrete "bench billboards" on public rights-of-way. BBC brings claims for violation of its First Amendment right to free speech, violation of its due process and equal protection rights under the Fourteenth Amendment, as well as a facial challenge to the constitutionality of Louisville Metro Code of Ordinance ("LMCO") section 97.076(A), pursuant to which BBC was denied a permit for its benches.

Metro Government has moved to dismiss BBC's complaint. The Court has benefitted from a conference in which counsel have clarified certain evidentiary issues. The Court concludes that additional discovery is necessary before it is possible to resolve the issues raised here.

I.

On December 17, 2002, BBC requested permission to place advertising benches at two locations within the Metro Louisville area pursuant to LMCO section 97.076(A), that ordinance provides:

> No person shall place, construct, or maintain within the right-of-way of any public way of Louisville Metro any object, structure, sidewalk, entrance way, driveway, or other installation, except as otherwise permitted by ordinance of the Metro Government, without obtaining a written permit to do so from the Works Director.

LMCO § 97.076(A). On July 14, 2003, Metro Government indicated that it was reviewing BBC's request. In that letter, the Jefferson County Attorney's office stated

> Our primary concern is safety. The unnecessary clutter on the right-of-ways may very well have an adverse effect on safety. The clutter of benches, newspaper dispensers and so forth can be not only unsightly, but case [sic] the attention of operators of automobiles to be diverted.

On January 21, 2004, Metro Government denied BBC's request, stating that

> It is our policy that we do not allow anything we deem to be hazardous to the safety of our citizens to be placed in our right-of-way. Nor do we allow advertising to be placed in our right-of-way.[1] These ad benches can however be placed behind the right-of-way line.

On March 18, 2005, BBC filed suit, raising three claims: (1) violation of BBC's First Amendment rights by an "arbitrary and capricious" application of the ordinance, (2) equal protection and due process violations based on Metro Government permitting bus shelters but not BBC's advertising benches on the rights-of-way, and (3) a facial challenge to LMCO § 97.076(A) based on the alleged lack of standards governing the discretion of the Director of Public Works. The Court will address each in turn.

II.

To consider a motion to dismiss under Rule 12(b)(6), the Court "must accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002)

---

[1] Metro Government has since acknowledged that it does allow advertising in its rights-of-way in the form of advertising panels on bus shelters throughout the Metro Louisville area.

(citing *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir.1998)). "Dismissal of the complaint is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984)).

A.

The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend I. Although the benches at issue are clearly "structures" under LMCO § 97.076(A), they are also intended to deliver commercial speech, in a manner similar to billboards. "Billboards and other visual signs, it is clear, represent a medium of expression that the Free Speech Clause has long protected." *Prime Media, Inc. v. City of Brentwood*, 398 F.3d 814, 818 (6th Cir. 2005). In view of this dual status, billboards "pose distinctive problems" because they "take up space and may obstruct views, distract motorists, displace alternative uses for land, and pose other problems that legitimately call for regulation." *City of Ladue v. Gilleo*, 512 U.S. 43, 48 (1994).

Metro Government says that no one has a constitutional right to maintain a structure in a public right-of-way. While this is strictly true, saying so does not decide our case. The Sixth Circuit recently reiterated that "whether there is such a right depends upon the property and the government's regulation of that property." *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 434 (6th Cir. 2004). *See also Tucker v. City of Fairfield, Ohio*, 398 F.3d 457 (6th Cir. 2005). Courts have "generally refused to on protect First Amendment grounds the placement of objects on public property where the objects are permanent or

3

otherwise not easily removed." *Tucker*, 398 F.3d at 462. The question here is whether Metro Government's particular denial of BBC's permit application in these circumstances violates BBC's First Amendment rights. Viewed in the light most favorable to BBC, its complaint alleges that Metro Government has agreed to allow "advertising structures" on its rights-of-way, primarily in the form of bus shelters erected by private parties,[2] but has denied BBC's permit through an "arbitrary and capricious" application of LMCO § 97.076(A). Therefore, although it may be true that Metro Government could properly prohibit all bench billboards on its rights-of-way by a properly drawn ordinance, the question is whether it has done so here.

To determine whether Metro Government administered LMCO § 97.076(A) in an unbiased fashion requires knowledge of more facts than are currently available. What the Court does know is that BBC has alleged sufficient facts to state an "as-applied" First Amendment claim – that is, that Metro Government granted permits to some parties for advertising at bus shelters on public rights-of-way, but has denied BBC's permit application without applying a discernible standard to guide the exercise of its discretion.

BBC also brings a facial challenge to LMCO § 97.076(A) on the grounds that the ordinance contains no standards to limit the Works Director's discretion. The Court finds this challenge to LMCO § 97.076(A) appropriate for two reasons: the lack of standards and lack of definitions for the terms "structure" and "object." LMCO § 97.076(A) as it applies to speech is suspect because a "licensing statute placing unbridled discretion in the hands of a government official or agency constitutes a prior restraint and may result in censorship." *City of Lakewood v.*

---

[2] BBC also alleges that other non-governmental structures containing advertising are on Metro Government's rights-of-way, although it has no information as to whether permits have been granted for those structures.

4

*Plain Dealer Publishing Co.*, 486 U.S. 750, 772 (1988).  In addition, on its face the statute appears to apply to certain structures or objects that have traditionally received a degree of protection under the First Amendment, such as newsracks.  The ordinance could also potentially apply to temporary structures, which could be problematic under certain circumstances.  *See, e.g., Tucker v. City of Fairfield, Ohio*, 398 F.3d 457 (6th Cir. 2005) (ordinance prohibiting temporary structures in rights-of-way held unconstitutional as applied to temporary rat balloon used in labor protest).

While BBC is a long way from proving its First Amendment claims, either facially or as applied here, it has stated them sufficiently to proceed forward with discovery.

B.

In count two, BBC alleges an equal protection violation because bench billboards are treated differently than other permitted uses of the public rights-of-way, such as bus shelters. Rational basis review is appropriate for such a distinction, because BBC is not a member of a protected class and no fundamental right is implicated.  *Midkiff v. Adams Cty. Regional Water Dist.*, 409 F.3d 758, 770 (6th Cir. 2005).  Under a rational basis review, "a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against an equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification."  *Federal Commun. Comm. v. Beach Commun. Inc.*, 509 U.S. 307, 313 (1993).  Certainly, Metro Government could have numerous rational reasons for denying BBC's permit to place concrete benches on its rights-of-way, including its stated reasons of safety and aesthetics, considerations of which implicate substantial government interests.  *Prime Media, Inc. v. City of Brentwood*,

398 F.3d 814, 818 (6th Cir. 2005). Therefore, BBC's equal protection claim will be dismissed.

C.

BBC also alleges a claim for due process.³ "A substantive due process violation occurs when arbitrary and capricious government action deprives an individual of a constitutionally protected property interest." *Warren v. City of Athens*, 411 F.3d 697, 707 (6th Cir. 2005). BBC has no constitutionally protected property interest in placing its benches on public rights-of-way. *See Graff v. City of Chicago*, 9 F.3d 1309 (7th Cir. 1993). Nor is there a fundamental issue at stake here. Therefore, rational basis review is appropriate, under which Metro Government's actions must be rationally related to a legitimate government interest. *Blau v. Fort Thomas School District*, 401 F.3d 381, 393 (6th Cir. 2005). As noted above, safety and aesthetics implicate substantial government interests. Therefore, BBC can make no substantive due process claim. Regarding procedural due process, to state such a claim BBC must establish a constitutionally protected liberty or property interest and that such an interest was deprived without appropriate process. *Midkiff*, 409 F.3d at 762. "Only after identifying such a right do[es] [a court] . . . continue to consider whether the deprivation of that interest contravened notions of due process." *Id.* at 763. As BBC has no protected liberty or property right in placing a bench billboard in the public right-of-way, there is no claim for procedural due process. Accordingly, BBC's due process claim will be dismissed.

The Court will issue an order consistent with this Memorandum Opinion.

---

³ Although the Court does not consider the claims waived for purposes of this motion, it notes that BBC did not address either its equal protection or due process claims in its response to Metro Government's motion to dismiss.

cc: Counsel of Record