UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-172-H

BENCH BILLBOARD CO., INC.                                                                    PLAINTIFF

V.

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT                                                                          DEFENDANT

**MEMORANDUM AND ORDER**

Some confusion has resulted from the Court's recent order concerning Defendant's motion to strike an undisclosed expert. The Court will attempt to clarify the procedural issues involved.

Plaintiff has challenged the Metro Government's right-of-way regulations on the grounds that facially and as applied they have violated Plaintiff's First Amendment Due Process and Equal Protection rights under the United States Constitution. After many motions of various kinds, Metro Government eventually admitted its liability. Therefore, on January 19, 2007, this Court entered an order setting forth a briefing schedule for the remaining issues in the case; namely, damages and attorney's fees.[1] When Plaintiff filed its memorandum concerning damages, it contained evidence from an accountant supporting the damage claim. Defendant immediately moved to strike the report because Plaintiff had not previously disclosed the expert.

For a variety of reasons, the Court concludes that the use of an expert not disclosed

---

[1] All parties had agreed that these issues would be decided by the Court on the basis of briefs.

pursuant to the Court's orders should be excluded in these circumstances.  First, the Court set a deadline for disclosure of expert witnesses and extended it several times.  Expert disclosures for Plaintiff was most recently extended to March 1, 2006, by order dated February 1, 2006.  Thereafter, the Court extended the overall discovery deadline to November 17, 2006.  At no point within these deadlines did Plaintiff submit an expert disclosure.  Under any circumstances, disclosure of an expert after all discovery deadlines causes unfair prejudice to Defendant and delay of the entire case.  Finally, the testimony of this accountant adds very little, if anything, to the damages case.  Plaintiff says that he merely "confirms the math."  If that is so, there is no great need for it.  The damages case will depend upon whether Plaintiff's theory is sufficiently concrete, rather than merely speculative.  Plaintiff has a witness who has testified about a theory and an amount of damages.  An accountant is unnecessary for purposes of completing the mathematics.

Consequently, Defendant's motion to strike Plaintiff's expert will be sustained and the Court will set a schedule for the remaining briefing.  Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to strike is SUSTAINED.

IT IS FURTHER ORDERED that on or before **June 26, 2007**, Defendant shall respond to Plaintiff's motion for summary judgment as to damages and attorney's fees.  Plaintiff shall reply by **July 10, 2007.**  Thereafter, both issues will be submitted.

cc:   Counsel of Record