UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05-CV-172-H

BENCH BILLBOARD CO., INC.                                              PLAINTIFF

v.

LOUISVILLE-JEFFERSON COUNTY                              DEFENDANTS
METRO GOVERNMENT

## MEMORANDUM OPINION

Bench Billboard Co., Inc. ("Bench Billboard") sued the Louisville-Jefferson County

Metro Government ("Metro Government") under 42 U.S.C. § 1983 for deprivation of its

freedom of speech in violation of the United States and Kentucky Constitutions when Metro

Government refused to issue permits to Bench Billboard to place advertising benches in the

public right of way.  Nearly two years after the suit began, Metro Government admitted that its

denial of the permits violated the First Amendment.  Plaintiff now seeks closure by moving for

summary judgment on its demand for over $1,000,000 in damages and over $120,000 in attorney

fees.  Both parties agree that this is a matter for the Court to decide.  The Court has carefully

considered each request.

I.

Bench Billboard sells advertising space on the backrests of benches it places around

cities in Ohio, Michigan, Kentucky and Indiana.  In 2002, Bench Billboard sought to place

benches in Louisville, Kentucky, and the instant lawsuit arises from Louisivlle-Jefferson County

Metro Government's refusal to grant permits allowing Bench Billboard to do so.

Through its General Regulations, Metro Government regulates the placement of

"obstructions" on public ways.  During the time period relevant to this lawsuit, Metro had two ordinances that combined ostensibly to regulate benches in the right of way.  The first such ordinance, Section 97.070 of the General Regulations, made it unlawful to place a "structure of any kind" in the public way that might "impede the full and free use by the public of the entire sidewalk . . . or public way."  Louisville/Jefferson County, Ky., Code of Ordinances no. 195,  § 97.070 (2005).  The same ordinance provided, however, that "the Metro Government may at its discretion, place such . . . structures that it may deem appropriate upon the public way.  In no event, however shall such structure impede vehicular or pedestrian traffic."  *Id.*  The second relevant ordinance was Section 97.076, entitled "Obstructions Regulated."  Louisville/Jefferson County, Ky., Code of Ordinances no. 195,  § 97.076 (2005).  This ordinance appears to contradict the blanket prohibition of Section 97.070, inasmuch as it provides for the issuance of a permit for the placement of, inter alia, any structure on the sidewalk if one obtains "a written permit to do so from the Director of Public Works."  *Id.*

In December 2002, Bench Billboard sought permits for benches at two locations.  In a letter informing Bench Billboard that the permit request was being reviewed, the Assistant County Attorney for Metro Government indicated that:

> Our primary concern is safety. The unnecessary clutter on the right-of-ways may very well have an adverse affect on safety. The clutter of benches, newspaper dispensers and so forth can be not only unsightly, but cause the attention of the operators of automobiles to be diverted.

Just over one year after the initial request, in January 2004, Bench Billboard received a letter formally denying the permit request.  It stated that it was Metro Louisville's policy to "not allow anything we deem to be hazardous to the safety of our citizens to be placed in our right-of-way.

2

Nor do we allow advertising to be placed in our right-of-way."

In early 2005, Bench Billboard filed the present lawsuit.  On January 5, 2007, Metro Government filed an Amended Answer in this case, admitting that Section 97.076 of the General Regulations amounts to a violation of the First Amendment as applied to Bench Billboard. Bench Billboard now moves for summary judgment, seeking damages and attorneys fees.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, "summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  On summary judgment, the evidence before the Court must be viewed in the light most favorable to the non-moving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Pack v. Damon Corp.*, 434 F.3d 810, 814 (6th Cir. 2006).

II.

Metro Government has now admitted that it has applied Section 97.076 of the General Regulations in an unconstitutional manner as to Bench Billboard.  The Court must determine now whether Plaintiff is entitled to damages and attorneys fees.  Compensatory damages are available under § 1983 for actions "found . . . to have been violative of . . . constitutional rights and to have caused compensable injury . . . ."  *Carey v. Piphus*, 435 U.S. 247, 255 (1978) (emphasis omitted) (quoting *Wood v. Strickland*, 420 U.S. 308, 319 (1975)).  Such damages under § 1983 are governed by general tort-law compensation theory.  *Id*.

A.

Defendant first argues that Plaintiff has suffered no cognizable injury because the benches were denied for two independent legitimate reasons.  In the letter formally denying

3

Bench Billboard's permit request, Metro Government stated that it does "not allow anything we deem to be hazardous to the safety of our citizens to be placed in our right-of-way.  Nor do we allow advertising to be placed in our right-of-way."  Defendant says that its reasons for denying permits for the benches were threefold: (1) the benches posed a safety hazard in the right-of-way, (2) they are aesthetically unpleasing, and (3) they contained advertising, which Metro Government does not allow in the right-of-way.  Thus, it argues, Bench Billboard's permit applications would have been denied for legitimate reasons notwithstanding any constitutional violations.  It analogizes the case of *Prime Media, Inc. v. City of Brentwood, Tenn.*, 398 F.3d 814 (6th Cir. 2005).

The Court does not agree with this argument.  In *Prime Media*, the city had objective criteria, the height and weight restrictions, that were explicitly stated in its ordinances, which the court found satisfied the tailoring requirements for a content-neutral regulation of time, place, and manner of speech.  *See id.* at 822.  Unlike *Brentwood*, the ordinance here contained no such objective criteria, giving  Metro Government and the Director of Public Works seemingly unrestrained discretion.  License and permit requirements for the erection of commercial signs must contain clear and fairly objective criteria for issuance.  *See, e.g., Desert Outdoor Adver., Inc. v. City of Moreno Valley*, 103 F.3d 814 (9th Cir. 1996); *ACORN v. City of Tulsa*, 835 F.2d 735 (10th Cir. 1987).  Without objective criteria, an official harboring bias against a particular viewpoint could readily exclude ads communicating that viewpoint simply by "determining" that the advertising bench was aesthetically unpleasing or dangerous.  *See United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.*, 163 F.3d 341, 357 (6th Cir. 1998).

4

Therefore, Metro Government's additional stated reasons for denying Bench Billboard's permit application do not mandate a finding that it has suffered no compensable injury.

### B.

Because Bench Billboard was prevented from installing its advertising benches, it seeks consequential damages for lost profits.  Plaintiff has the burden of proving those damages.  *See Grantham and Mann, Inc. v. American Safety Prods.*, 831 F.2d 596, 601-02 (6th Cir.1987).  Damages may only be awarded to compensate for actual injury suffered as a result of the violation of a constitutional right.  *Carey*, 435 U.S. at 248 (absent proof of actual injury, compensatory damages may not be awarded).  "[T]he abstract value of a constitutional right may not form the basis for §1983 damages." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 n.11 (1986).  "Damages are not permitted which are remote and speculative in nature." *Agricultural Servs. Ass'n v. Ferry-Morse Seed Co.*, 551 F.2d 1057, 1072 (6th Cir.1977).

Arriving at consequential damages here is a challenge because it is based on lost profits of benches that were never installed.  There is no reliable evidence as to the market for advertising benches in right-of-ways.  Estimates as to the profitability of individual benches are also imprecise because there is no way of knowing how long the benches would have remained vacant, whether the benches would be used occasionally for non-income generating messages, and the terms of any advertising leases that would have been created.[1]  That being said, reasonable inferences are permitted in making a fair and reasonable assessment of the amount of damages.

---

[1] Bruce Graumlich, President of Bench Billboards, testified that benches are sometimes installed before procuring an advertiser and are occasionally used for non-income-generating activities, such as self-promotion and public service messages.  He also testified that the rental rate varies depending on the individual customer contract.

5

Bench Billboard was denied permits for two benches, thus permitting the reasonable inference of profits had those permits been granted.  According to its Occupational License Fees tax return filed with the Louisville/Jefferson County Metro Revenue Commission, Bench Billboard's gross revenue was $30,914 in 2004 and $25,485 in 2005.  Bench Billboard appears to have owned ninety-one benches in Jefferson County during that two year period.  Thus, the average monthly gross revenue per bench was roughly $26.[2]  Bench Billboard was denied permits for two benches in January 2004, and Metro Government amended its ordinances on December 7, 2006.  Thus, the benches might reasonably have been leased for about thirty-six months.  At $26 per bench per month, the Court estimates total revenue at $1872.[3]  According to Mr. Graumlich, costs to Bench Billboard on average are between thirty and forty percent.[4]  Estimating costs to be thirty-five percent, the total lost profit on two benches in Jefferson County from January 2004 through December 2006 is $1217.[5]

Bench Billboard makes a damage request based upon the presumption that, absent Metro's unconstitutional actions, it would have installed 1,400 bench advertisements throughout the county.  The Court finds this projection to be a complete speculation, and no valid evidence supports an award based upon that many sites.  Bench Billboard made only two applications prior to the time when the ordinance was updated.  Only recently did Bench Billboard make

---

[2] [($30,914 + $25,485) / (91 benches)] / (24 months) = $26 per bench per month

[3] ($26 x 36 months) x (2 benches) = $1872 total

[4] This is a system wide percentage.  No Jefferson County market data was supplied.

[5] $1872 - (35% x $1872) = $1217.  Bench Billboard's estimate of $1,838,977 in lost profits is dramatically overstated and highly speculative.  Bench Billboard also argues, based on testimony by Mr. Graumlich, that its average four-week billing rate in Louisville is $90 per bench.  Using its reported revenue from its Jefferson County tax returns is a much more appropriate method of calculating its average revenue per bench.

6

applications for about 2,000 sites.  True, Bench Billboard may have succeeded in some

expansion of its business.  However, the Court has no reasoned basis for finding that Bench

Billboard could actually lease ten (10) spaces, one hundred (100) spaces, or any particular

number within such a short time frame.  Thus, an award of damages upon such an aspirational

goal would amount to mere speculation.  Indeed, the Court has no other evidence upon which to

base an award of damages.  The Court cannot simply invent a number of benches.

Though nominal damages are permitted in the absence of showing actual injury, the Sixth

Circuit has noted that "substantial damages should be awarded only to compensate actual injury

or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of

rights."  *See Stachura,* 477 U.S. at 308 n.11.  Since actual damages in the form of lost profits

have been shown, the Court need not consider nominal damages.

III.

Plaintiff also seeks attorneys fees.  42 U.S.C. 42 U.S.C. § 1988 permits a prevailing party

to recover its attorneys fees as part of its costs in actions under 42 U.S.C. § 1983.  Certainly,

Bench Billboard was a prevailing party and is entitled to an award of attorneys fees.  *See Deja

Vu of Nashville, Inc. v. The Metro. Gov't of Nashville and Davidson County, Tenn.*, 421 F.3d

417, 420 (6th Cir. 2005).

To calculate attorneys fees, the Court uses the "lodestar" method, which begins by

calculating "the number of hours reasonably expended on the litigation multiplied by a

reasonable hourly rate."  *Jordan v. City of Cleveland*, 464 F.3d 584, 602 (6th Cir. 2006).  "The

fee applicant bears the burden of establishing entitlement to an award and documenting the

appropriate hours expended and hourly rates."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

7

Defendant has submitted a document compiled from a complete set of billing statements that includes entries from eight attorneys, two paralegals, and one summer associate. Plaintiff has submitted by affidavit the billing rate for each of these persons, but it has not submitted to the Court a total of the hours each billed. The lodestar calculation will require the Court to multiply a reasonable rate by the hours reasonably expended in the litigation. To assist the Court in making such a calculation, Plaintiff should submit the total number of hours billed at each rate in this matter. It need not file an additional motion or memorandum in support of such, as the issue has been adequately briefed.

The Court will enter an order consistent with this Memorandum Opinion.

cc:      Counsel of Record