UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05-CV-172-H

BENCH BILLBOARD CO., INC.                                              PLAINTIFF

v.

LOUISVILLE-JEFFERSON COUNTY                                      DEFENDANT
METRO GOVERNMENT

**MEMORANDUM OPINION**

Plaintiff Bench Billboard seeks attorney's fees pursuant to 42 U.S.C. 42 U.S.C. § 1988.

This statute permits a prevailing party to recover attorney fees in actions under 42 U.S.C. § 1983.

Certainly, Bench Billboard was a prevailing party.  The Sixth Circuit has made clear that such an

award is mandatory where the plaintiff prevails, and where special circumstances making a fee

award improper are absent.  *Deja Vu of Nashville, Inc. v. The Metro. Gov't of Nashville and*

*Davidson County, Tenn.*, 421 F.3d 417, 420 (6th Cir. 2005).  There have been no arguments as to

any such special circumstances, and attorney's fees are proper in this case.  The Court has now

had an opportunity to review the new materials and the entire request for fees.[1]

The fee award must be reasonable, that is, "one that is adequately compensatory to attract

competent counsel yet which avoids producing a windfall for lawyers."  *Adcock-Ladd v.*

*Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000).  A starting point is to calculate "the

number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

---

[1] Unfortunately, the Court issued an opinion prematurely, when it had intended to obtain additional information.  The Court concluded it was best to proceed on the originally intended path.  On August 17, 2007, this Court struck a prior Memorandum Opinion from the record and requested additional information from Plaintiff.

This is known as the "lodestar" calculation. *Jordan v. City of Cleveland*, 464 F.3d 584, 602 (6th Cir. 2006). The factors which the district court may consider, either in determining the basic lodestar fee and/or adjustments thereto, include the twelve listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974):

> These factors are: (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Adcock-Ladd*, 227 F.3d at 349 n.8 (citing *Reed v. Rhodes*, 179 F.3d 453, 471-72 n.3 (6th Cir. 1999)). A highly important *Johnson* factor is the result achieved, and a strong presumption favors the prevailing attorney's entitlement to his lodestar fee. *Id.* at 349-50. "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In determining the reasonable hourly rate the Court should initially assess the "prevailing market rate in the relevant community." *Id.* at 350 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The "relevant community" for fee purposes is "the legal community within the court's territorial jurisdiction," which, in this case, is the Western District of Kentucky. *Id.*

Based upon the recent briefing, it appears that Bench Billboard is requesting attorney's fees in the amount of $103,335.06 and costs of $4,167.31. This is a substantial reduction from its original request based upon its complete review of the billing records. The Court has also completely reviewed the request. The Court completely rejects any suggestion that Defendant's counsel has violated any ethical rules related to its request. Certain discrepancies were found

2

and resolved.  However, no part of this Court's decisions rests upon a finding of any bad faith or impropriety related to billing.

Defendant challenges Plaintiff's counsels' fee rates, which ranged from $75 per hour for law clerks to $305 per hour for the lead partner on the case.  Defendant urges this Court to reject Plaintiff's contracted fees and cap them at $200 per hour, arguing that such a fee would better reflect the prevailing market rate in the relevant community.  In support, the Defendant discussed two unpublished Sixth Circuit cases affirming the court for the Eastern District of Michigan that capped billing rates at $200.[2]  *See Auto Alliance v. U.S. Customs Service*, 155 Fed.Appx. 226, 228 (6th Cir.2005).  At least one Kentucky Court sitting in Frankfort has been more lenient with attorney fee rates, approving a rate of $300 for an attorney with twenty-one years of experience. *See Custom Tool and Mfg. Co. v. Fuller*, Nos. 2005-CA-000857-MR, 2005-CA-001078-MR, 2007 WL 121827 at *11 (Ky. Ct. App. Jan. 19, 2007).  Only the two most senior partners in this case billed at rates above $200.  Eric C. Holzapfel, with thirty-six years experience and substantial experience litigating complex commercial cases including commercial speech cases, billed at $305.  Kyle Citrynell, with twenty-seven years experience in commercial litigation and intellectual property law, billed at $275.  All of the rest of the attorneys on the case billed at $200 or below.  The Court being generally familiar with the prevailing rates here, finds the hourly fees assessed in this case reasonable based on counsel's level of experience and

---

[2] Confusingly, Defendant fails to cite the primary case it discusses.  Plaintiff assumes it is referring to *Lamar Adver. Co. v. Charter Twp. of Van Buren*, 178 Fed.Appx. 498 (6th Cir. 2006).  In *Lamar*, the Sixth Circuit deferred to the district court's discretion without explicitly endorsing its decision:

> The filings in this case reflect the high quality of Mr. Walsh's lawyering, but be that as it may, we review for abuse of discretion.  The district court did not choose to award Mr. Walsh his actual billing rate. That decision was in the district court's sound discretion and is supported by the record.

*Lamar*, 178 Fed.Appx. at 502.

specialization in the field.

In calculating the number of hours reasonably expended on litigation, the Court should exclude "hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice is ethically obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434. Several issues arise when a court considers excessive hours: (1) whether the lawyer actually worked the hours claimed or is padding the account; (2) whether the work performed is sufficiently related to the points on which the client prevailed as to be compensable; and (3) whether the lawyer used poor judgment in spending too many hours on some part of the case or by unnecessarily duplicating the work of co-counsel. *See Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986).

No one challenges that the hours claimed are the number of hours actually worked.[3] There was, however, considerable question as to whether all of the work performed is sufficiently related to this litigation. These questions and others appear to have been resolved by Defendant reducing its request by some $20,000. As best the Court can determine, this reduction reasonably satisfies the Court's initial concerns. However, that is not the Court's only concern.

In a case such as this, in which at least eight attorneys from three firms billed hours, there is a risk of unnecessarily duplicating the work of co-counsel. *See Coulter*, 805 F.2d at 151. Admittedly, duplicative work is difficult to uncover. Here, the shear volume of fees generated in a case seems disproportionate to the work of the actual case. Although the case has continued

---

[3] Plaintiff does suggest that the lawyers spent too many hours on some parts of the case. It points to the thirty hours billed to draft the complaint. Although that appears long for a nine page complaint that need only contain a short and plain statement of the claims, thirty hours is not unreasonable in a case such as this.

for two years, it has involved relatively little discovery.[4]  Seven substantive motions were

contested.  Plaintiff's memoranda totaled ninety-eight pages including the complaint.  For the

amount of work performed, the total of 442 hours appears more than the amount which

Defendant should be required to pay.  One reason for the large fee request is that the two highest

paid lawyers often attended depositions and hearings together.  Perhaps this benefitted Plaintiff.

However, it is unreasonable to require Defendant to pay for all of this help.  The Court estimates

that all of these facts suggest about one-third more hours than Defendant should be required to

pay.

Motion practice of this type can get expensive, but here a fee request of $103,000 seems

excessive, particularly in light of the result achieved.  The result can be described as mixed, at

best.  True, the lawsuit has vindicated Plaintiff's rights and has resulted in a better and

constitutionally sound ordinance.  Metro Government admittedly used an unconstitutional

method to determine whether Bench Billboard could advertise in the public right-of-way.

Denying its advertising benches in such a manner was a constitutional violation, and Bench

Billboard was entitled to recover for its actual injury.  However, the actual injury shown was

relatively small, and Metro Government has since recognized its error and redrafted the

regulations that will determine whether such advertising will be permitted in the future.  Bench

Billboard's request to install future benches may very well be denied for aesthetic or safety

reasons, and this litigation has not guaranteed that Bench Billboard will be permitted to install

the two thousand benches in Jefferson County that it sought.  In light of the foregoing

considerations, the Court shall reduce the attorney's fee request and award $82,000.00 in

---

[4] A total of four depositions were conducted, each lasting only several hours. Plaintiff did receive and review a substantial amount of documentation.

attorneys fees and costs of $4,167.31.

The Court will enter an order consistent with this Memorandum Opinion.

cc:     Counsel of Record